J-S78040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOY M. HILL AND FREDRICK HILL | |
| Appellants | No. 740 WDA 2016 |

Appeal from the Order May 20, 2016
in the Court of Common Pleas of Allegheny County Civil Division
at No(s): MG 15 1146

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                    **FILED DECEMBER 29, 2016**

*Pro se* Appellants, Joy M. Hill and Fredrick Hill, appeal from the order entered in the Allegheny County Court of Common Pleas granting summary judgment in favor of Appellee, Bayview Loan Servicing, LLC.  We affirm.

We glean the relevant facts from the trial court opinion and the certified record.  The property at issue in this case is located at 33 Climax Street, Pittsburgh, Pennsylvania.  Appellants executed a mortgage ("the Mortgage") on this property in favor of Progressive Home Federal Savings and Loan Association ("Progressive") on September 1, 1999.  The Mortgage served as security for a note executed on that same day by Appellants ("the Note") in exchange for a loan of $32,000.00, plus interest extended by

---

[*] Former Justice specially assigned to the Superior Court.

Progressive. On December 19, 2006, Progressive assigned the Mortgage to Appellee.

Appellants filed for bankruptcy on November 30, 2009, in the United States Bankruptcy Court for the Western District of Pennsylvania. On April 30, 2010, the bankruptcy court issued a final decree discharging Appellants' unsecured debts ("bankruptcy decree"). Appellants stopped making payments on the Note after February 2015. Accordingly, in August 2015, Appellee initiated a foreclosure action based upon the Mortgage. Appellee filed a motion for summary judgment on January 4, 2016, and Appellants filed an answer. However, Appellants' answer did not comply with Pa.R.C.P. 1029(a) and (b) and was deemed an admission of default by the trial court. Appellee filed two supplemental memorandums of law regarding, *inter alia*, the effect of the bankruptcy decree on the foreclosure action.

The trial court heard argument on February 16, 2016. On April 21, 2016, the court issued an order granting Appellee's summary judgment motion and directed "*in rem* judgment shall be entered in favor of [Appellee] and against [Appellants] in the amount of $30,218.92, together with interest . . . ." Order 4/21/16. The trial court's order also indicated, via handwritten note, "I am satisfied that a prior bankruptcy by [Appellants] did not discharge this claim." **Id.**

Appellants filed the instant timely appeal. The trial court did not order the filing of a Pa.R.A.P. 1925(b) statement, but did file a Pa.R.A.P. 1925(a) opinion.

Appellants raise the following issues for review:

> 1. Was there sufficient explanations in the applicable laws of [Appellee's] Memoranda of Law referencing the **Johnson v. Home State Bank**, 501 U.S. 78, [82-83] [1991] regarding the Chapter 7 petition process stating that "a debtor is protected from personal liability by obtaining a discharge in a Chapter 7 liquidation," though "the creditor's right to foreclose survives or passes through bankruptcy," made clear by the Supreme Court, to confirm Appellees' "relative position" to proceed with foreclosure against the Appellant[s]?
>
> 2. Can Appellee[] provide "valid" and "accurate" documentation that can attest to their true "vested interest" in the Real Property located on 33 Climax St., Pittsburgh, Pa, of . . . Appellant[s] and the accounting of all accepted payment transactions made from 2010 until the default in February 2015 under Appellant[s'] Chapter 7 bankruptcy?

Appellants' Brief at 8.

Appellants' first argument is difficult to discern.[1] It appears that Appellants are arguing that the Mortgage was effectively discharged via their prior bankruptcy and, therefore, the trial court erred by allowing an action for foreclosure of the Mortgage. To this end, Appellants unfortunately provide a substantial amount of extraneous authority, much from other jurisdictions, that has no bearing upon their argument. Moreover,

---

[1] We note that Appellants' brief was authored by a "non-bar volunteer advocate" from Forest Park, Georgia.

Appellants provide only two sentences of argument regarding their second issue concerning the alleged failure to recognize their past payments on the Mortgage and they do not cite to any legal authority.

We begin by noting that Appellants' *pro se* status does not relieve them of their obligation to raise and develop their appellate claims properly. ***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996). This Court has emphasized:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that [petitioner] is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

***Id.*** (citation omitted).

Petitioners who have elected to proceed *pro se* cannot expect this Court to act as their attorney. ***Id***. (citation omitted). Indeed, claims that are not sufficiently developed and are not supported by citation to legal authority will be deemed waived by this Court. ***See*** Pa.R.A.P. 2119(b); ***Commonwealth v. B.D.G.***, 959 A.2d 362, 371 (Pa. Super. 2008) (holding petitioner's claim waived when he failed to cite to any authority supporting his contentions).

Regarding summary judgment, our review is guided by the following principles:

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion. . . .

*Varner-Mort v. Kapfhammer*, 109 A.3d 244, 246-47 (Pa. Super. 2015) (citation omitted).

We note that a discharge under the Bankruptcy Code "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged . . . ." 11 U.S.C. § 524(a)(1). However, "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam* while leaving intact another—namely, an action against the debtor *in rem*." *Johnson*, 501 U.S. at 84. Therefore, "the [Bankruptcy] Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Id.* at 83; *See* 11 U.S.C. § 522(c). Indeed, it is well settled that a mortgage lien survives the discharge of personal liability. *See Estate of Lellock v. Prudential Ins.*

***Co. of America***, 811 F.2d 186, 189 (3d. Cir. 1987); ***PNC Bank, Nat. Ass'n***

***v. Balsamo***, 634 A.2d 645, 653 (Pa. Super. 1993) (stating petitioner's valid

lien on residential proper was not affected by general bankruptcy discharge.)

In the instant case, Appellants' bankruptcy discharge did not preclude

Appellee's *in rem* action in foreclosure. ***See Johnson***, 501 U.S. at 83-84;

***Estate of Lellock***, 811 F.2d at 189. Therefore, we hold that the trial court

did not err by declining to prohibit Appellee's mortgage foreclosure action

against Appellants.

Appellants also include various other claims seemingly regarding

Appellee's purported lack of "ownership" of the property in question.

Appellants' Brief at 17. We conclude that Appellants fail to present any

cogent and pertinent argument in this regard. As a result, to the extent

Appellants present additional arguments within their first issue, we hold that

such arguments are insufficiently developed and are, therefore, waived.

***See B.D.G.***, 959 A.2d at 371; ***Smathers***, 670 A.2d at 1160. Thus,

Appellants' first issue merits no relief.

Likewise, in their second issue, Appellants present only the bald

allegation that all of their past payments on the mortgage were not properly

accounted for by Appellee. Appellants' Brief at 20. Appellants do not claim

to have made any payments past the default date of February 2015, nor do

they provide any citation to the record or to legal authority in support of

their claim. Thus, we conclude that Appellants' second issue is waived

because they once again fail to sufficiently develop their argument or cite to any pertinent legal authority. *See* Pa.R.A.P. 2119(b); ***B.D.G.***, 959 A.2d at 371; ***Smathers***, 670 A.2d at 1160.

Accordingly, we hold that the trial court properly determined that the property at issue remained subject to the Mortgage and, thus, properly granted summary judgment in favor of Appellee. Because Appellants fail to establish an error of law or abuse of discretion by the trial court, we affirm the order granting Appellee's motion for summary judgment. ***See Varner-Mort***, 109 A.3d at 246-47.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/29/2016</u>